IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3165-FL

| | |
|---|---|
| OFFIE CURTIS BROWN, JR., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NC DEPARTMENT OF PUBLIC SAFETY, JOE BIDEN, UNITED STATES DEPARTMENT OF DEFENSE, NASA, FEDERAL BUREAU OF INVESTIGATIONS, CRAVEN COUNTY SHERIFF'S DEPARTMENT, CENTRAL PRISON, MAURY CORRECTIONAL INSTITUTION, CHERRY HOSPITAL, NEW BERN POLICE DEPARTMENT, STATE OF NORTH CAROLINA, DORTHEA DIX HOSPITAL, and CRAVEN COUNTY JAIL, | ) |
| Defendants.[1] | ) |

Plaintiff, a civil committee proceeding pro se, commenced the instant civil rights action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to amend (DE 6, 8, 10, 12, 13, 14), proceed without prepayment of fees (DE 5), and appoint counsel (DE 9, 11).

---

[1] Plaintiff's numerous motions to amend the complaint names additional defendants and seek to dismiss defendant "United States State Department." Thus, the court has constructively amended case caption. The court will direct the clerk to amend the docket to reflect the addition of these defendants.

The court begins with plaintiff's motion to proceed without prepayment of fees. Plaintiff has demonstrated the requisite inability to pay the filing fee. See 28 U.S.C. § 1915(a). Accordingly, the motion is granted.

The court next addresses plaintiff's motions for appointment of counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motions to appoint counsel are denied.

The court now considers plaintiff's motions to amend. Plaintiff's motions to amend the complaint are granted as a matter of course. See Fed. R. Civ. P. 15(a)(1), (d). Accordingly, in conducting the initial review of this action set forth below, the court addresses the claims in plaintiff's complaint and motions to amend.

The court now turns to its initial review of the claims. Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be

granted. 28 U.S.C. § 1915(e)(2)(B). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

3

omitted).

Here, plaintiff makes the following allegations. While being housed in central prison, plaintiff's wheelchair was taken away, and he was given a walker. (Compl. (DE 1) at 5). However, plaintiff could not walk securely using the walker. (Id.). Defendant Joe Biden stole his presidential campaign slogan "Build Back Better" from plaintiff's construction company. (Id.; Second Mot. to Am. (DE 6) at 1). Defendant United States Department of Defense formed the Space Force branch after plaintiff had begun studying antimatter and its uses as space weaponry. (First Mot. to Am. (DE 14) at 2; Second Mot. to Am. (DE 6) at 1). The following defendants withheld plaintiff's mail and intimidated him to prevent him from owning software regarding space weaponry development: United States Department of Defense, NASA, Federal Bureau of Investigations, Craven County Sheriff's Department, Central Prison, Maury Correctional Institution, Cherry Hospital, Dorthea Dix Hospital, Craven County Jail, and the State of North Carolina. (Fifth Mot. to Am. (DE 12) at 2). Lastly, Maury Correctional Institution ("Maury CI") failed to adequately protect plaintiff when he was stabbed with a shank in the cafeteria. (Sixth Mot. to Am. (DE 13) at 1).

Plaintiff provides no factual allegations against defendants NC Department of Public Safety or New Bern Police Department. Thus, plaintiff has failed to "state a claim to relief that is plausible on its face" regarding these defendants. See Iqbal, 556 U.S. at 678.

To the extent plaintiff states a claim for deliberate indifference to his medical needs regarding the walker or failure to protect regarding the stabbing, Central Prison and Maury CI are not subject to suit under § 1983 because a state prison is not a person within the meaning of the statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

4

Case 5:22-ct-03165-FL   Document 15   Filed 11/30/22   Page 4 of 5

Plaintiff's remaining allegations are conclusory and devoid of factual support. The court finds these allegations fanciful, delusional, and wholly conclusory, and therefore, dismisses them pursuant to § 1915(e)(2)(B)(i). See Denton, 504 U.S. at 32–33; Neitzke, 490 U.S. at 327-28.

## CONCLUSION

Based on the foregoing, plaintiff's motions to amend (DE 6, 8, 10, 12, 13, 14) and to proceed without prepayment of fees (DE 5) are GRANTED. Plaintiff's motions to appoint counsel (DE 9, 11) are DENIED. Plaintiff's action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The clerk is DIRECTED to close this case and amend the caption as noted in footnote one.

SO ORDERED, this the 30th day of November, 2022.

LOUISE W. FLANAGAN
United States District Judge